BANKS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-028-CR

RANDALL LONDALL BANKS A/K/A APPELLANT

RANDALL L. BANKS

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Randall Londall Banks appeals his conviction by a jury for aggravated sexual assault of a child under fourteen years of age.  The jury assessed his punishment at twenty-five years in the Texas Department of Criminal Justice, Institutional Division.  In two points, Appellant argues that the evidence is legally and factually insufficient to support the jury’s verdict of guilt.  We affirm.

Appellant was charged by indictment on June 28, 2001
 with aggravated sexual assault of a child, C.H., who was nine years old at the time of the assault.  Count One, on which Appellant was found guilty, alleged:  “[O]n or about the 1
st
 day of November 2000, [Appellant] did intentionally or knowingly cause the sexual organ of [C.H.], a child younger than 14 years of age who was not the spouse of said defendant to contact the sexual organ of the defendant.”
(footnote: 2) 

During the guilt/innocence phase of Appellant’s trial, the State presented the testimony of the victim C.H.; Child Protective Services (“CPS”) investigator Amy Olson; Detective Clayton Hays; Stephanie Davis, who was
 C.H.’s fourth grade teacher; Dr. Jayme Coffman, the medical director for the child abuse program at Cook Children’s Medical Center; and Laura Greuner, who is a licensed therapist.  C.H. testified that, one night during the summer of 2000, she wanted to buy some candy from a woman living at her apartment complex, so she went to Appellant’s apartment to ask him for a dollar.  She went inside Appellant’s apartment, knocked on his bedroom door, and entered.  C.H. testified that as she approached Appellant, he picked her up, flipped her over, and placed her on his bed. 

C.H. testified and demonstrated with anatomically correct dolls that Appellant stood behind her, pulled her pants and panties down, and placed his hands on her back.  C.H. said that she was screaming and telling him to quit, but that Appellant would not let her up.  Rather, C.H. said that Appellant touched her “middle spot.”  C.H stated that she did not know what he was touching her with, but that Appellant was standing right behind her, his pants were off, and something dry and soft went between her legs to touch her “middle spot.”
  C.H. testified that it hurt.  

C.H. testified that after Appellant touched her, one of her friends came inside Appellant’s apartment asking what was taking her so long.  C.H testified that Appellant told her to pull up her pants, and that when she turned around to face him, his shirt was untucked.  According to C.H., Appellant told herf not to tell anyone about what had occurred because it was their “little secret.”  C.H. said that she was scared to tell anyone because she thought she might get in trouble.  Eventually, C.H. told her mother and grandmother, but they did not contact the police.  C.H. later told her teacher, Ms. Davis, and the school counselor about the assault. 

As a result of the conversations between C.H. and school officials, CPS was contacted, and Ms. Olson interviewed C.H.  During the course of her investigation, Ms. Olson contacted the police.  Detective Hays investigated the incident and interviewed C.H.  Detective Hays testified that C.H. told him that during the summertime Appellant had pushed her onto his bed, pulled her pants and underwear down, and had forced something into her vagina, which C.H. described to Detective Hays as her middle part.  According to Detective Hays, while C.H. was not sure what Appellant had touched her with, she told him that the contact hurt and that when Appellant was finished, she saw him zipping up his pants. 

In March 2001, Dr. Coffman examined C.H. in the presence of Ms. Olson and
 a colleague at the hospital.  Dr. Coffman testified that C.H. told them that Appellant pulled down her pants and that she thought he put his middle part in her middle part because he was zipping up his pants when he stood up.  According to Dr. Coffman, when asked to clarify her meaning as to what the middle parts were, C.H. responded by pointing to her genitalia and by spelling D-I-C-K.  Further, Dr. Coffman testified that the hospital has a specific checklist concerning different types of sexual contact, which they go over with victims of sexual assault.  In going through the checklist, C.H. was asked about vaginal contact, and Dr. Coffman said that, in response to the questioning, C.H. described penile contact.  Dr. Coffman also testified that while C.H. showed no signs of trauma during a physical sexual assault exam, penile penetration without trauma was possible and, even if there was trauma, it could have healed with no signs, such as scarring. 

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict.  
Cardenas v. State, 
30 S.W.3d 384, 389-90 (Tex. Crim. App. 2000); 
Narvaiz v. State
, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992), 
cert. denied
, 507 U.S. 975 (1993).  The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
McDuff v. State
, 939 S.W.2d 607, 614 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 844 (1997).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).  
The standard for review is the same for direct and circumstantial evidence cases.  
Kutzner v. State
, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. 
 Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the verdict, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id.
  In performing this review, we are to give due deference to the fact finder’s determinations.  
Id.
 at 8-9; 
Clewis,
 922 S.W.2d at 136.  Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice.  
Johnson
, 23 S.W.3d at 9, 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

We have extensively reviewed the record, and under the applicable standards of review, we hold that the evidence was both legally and factually sufficient to support
 the jury’s verdict of guilt.  
See Jackson
, 434 U.S. at 319, 99 S. Ct. at 2789; 
Johnson
, 23 S.W.3d at 7; 
Clewis
, 922 S.W.2d at 134.  Accordingly, we overrule Appellant’s two points.

Having overruled both of Appellant’s points, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL B: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

[DELIVERED FEBRUARY 20, 2003]

FOOTNOTES
1:
See 
Tex. App. R. P. 
47.4.

2:
See
 
Tex. Penal Code Ann.
 § 22.021(a)(1)(B)(iii) & (2)(b) (Vernon Supp. 2003) (“A person commits an offense if the person intentionally or knowingly causes the sexual organ of a child to contact or penetrate the . . . sexual organ of another person, including the actor and the victim is younger than 14 years of age.”); 
see also
 
Tex. Penal Code Ann.
 § 21.01(2) (“‘Sexual contact’” means, except as provided by Section 21.11, any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person.”).